MariRuth Petzing, OSB 135412
mpetzing@oregonlawcenter.org
Mara Bauermeister, OSB 223520
mbauermeister@oregonlawcenter.org
Stephen S. Walters, OSB 801200
swalters@oregonlawcenter.org
David Henretty, OSB 031870
dhenretty@oregonlawcenter.org
OREGON LAW CENTER
621 SW Morrison, Suite 1450
Portland, Oregon 97205
Tel: (503) 473-8680

 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GERSON MOLINA ORANTES,

                Plaintiff,

       vs
       .

JOHN DOES 1-13 and MULTNOMAH
COUNTY,

              Defendants.

**Case No. 3:25-cv-01541**

**COMPLAINT**
**(Civil Rights: 42 U.S.C. § 1983, Unlawful Seizure, False Arrest/Imprisonment)**

**JURY TRIAL DEMANDED**

COMPLAINT - 1

## I. **NATURE OF THE ACTION**

1. Gerson Molina Orantes brings this action pursuant to 42 U.S.C. § 1983 and Oregon law. He was wrongfully rearrested and detained by Defendants at Multnomah County's jail. This was done despite the fact that a federal judge ordered that he be released for the only charge for which he was incarcerated and Defendants had no probable cause or judicial warrant to justify his incarceration. He seeks compensatory damages for his physical and emotional injuries, an award of punitive damages for Defendants' outrageous and malicious violations of his civil rights, and attorney fees pursuant to 42 U.S.C. § 1988.

## II. **JURISDICTION AND VENUE**

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343, as Mr. Molina Orantes's claims arise under the Fourth and Fourteenth Amendments to the United States Constitution and Mr. Molina Orantes seeks remedies authorized by 42 U.S.C. § 1983 and § 1988.

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 for Mr. Molina Orantes's False Arrest/Imprisonment claim as it is so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3-2, as a substantial part of the events giving rise to these claims occurred in this District.

COMPLAINT - 2

### III. **PARTIES**

5. Plaintiff Gerson Molina Orantes is an individual who, at all relevant times, was a resident of Oregon.

6. Defendant Multnomah County is a municipality and political subdivision of the State of Oregon. On information and belief, Defendant Multnomah County is the employer of individual Sheriff Deputies who were acting within the scope of their official duties when they unlawfully incarcerated Mr. Molina Orantes and violated his rights.

7. Defendant John Doe 1 is a Multnomah County Sheriff Deputy. He maintained custody of and rearrested Mr. Molina Orantes at the Multnomah County Detention Center on April 24, 2025.

8. Defendant John Doe 2 is a Multnomah County Sheriff Deputy. He maintained custody of and rearrested Mr. Molina Orantes at the Multnomah County Detention Center on April 24, 2025.

9. Defendant John Doe 3 is a Multnomah County Sheriff Deputy. He removed Mr. Molina Orantes from a cell at the Multnomah County Detention Center, placed him in restraints, and brought him to the transport vehicle.

10. Defendant John Doe 4 is a Multnomah County Sheriff Deputy. He transported Mr. Molina Orantes from the Multnomah County Detention Center to Multnomah County Jail Inverness on April 24, 2025.

11. Defendant John Doe 5 is a Multnomah County Sheriff Deputy. He transported Mr. Molina Orantes from the Multnomah County Detention Center to Multnomah County Inverness Jail on April 24, 2025.

COMPLAINT - 3

12. Defendant John Doe 6 is a Multnomah County Sheriff Deputy. He took custody of Mr. Molina Orantes from John Doe 3 and John Doe 4 and placed him in a cell at Multnomah County Jail Inverness.

13. Defendant John Doe 7 is a Multnomah County Sheriff Deputy. He prepared Mr. Molina Orantes to be transported on April 25, 2025. He did so by telling Mr. Molina Orantes to gather his belongings, taking him to a waiting room, and handcuffing Mr. Molina Orantes' wrists and ankles.

14. Defendant John Doe 8 is a Multnomah County Sheriff Deputy. He transported Mr. Molina Orantes in a Sherriff vehicle to the Multnomah County Justice Center on April 25, 2025.

15. Defendant John Doe 9 is a Multnomah County Sheriff Deputy. He transported Mr. Molina Orantes in a Sherriff vehicle to the Multnomah County Justice Center on April 25, 2025.

16. Defendant John Doe 10 is a Multnomah County Sheriff Deputy. He detained Mr. Molina Orantes at the Multnomah County Justice Center on April 25, 2025.

17. Defendant John Doe 11 is a Multnomah County Sheriff Deputy. He removed Mr. Molina Orantes from a cell, placed Mr. Molina Orantes in handcuffs, a waist chain, and ankle cuffs and brought him to a MCSO vehicle.

18. Defendant John Doe 12 is a Multnomah County Sheriff Deputy. He transported Mr. Molina Orantes from the Multnomah County Justice Center to the United States District Courthouse before transferring him into the custody of the U.S. Marshals.

19. Defendant John Doe 13 is a Multnomah County Sheriff Deputy. He transported Mr. Molina Orantes from the Multnomah County Justice Center to the United States District Courthouse before transferring him into the custody of the U.S. Marshals.

COMPLAINT - 4

20. Each individual defendant is sued in their individual capacity.

21. Each Defendant is responsible to Mr. Molina Orantes for the injuries and damages he has suffered as a result of the actions of the Defendants alleged in this Complaint.

22. Mr. Molina Orantes does not know the names of John Does 1-13 at this time. He intends to amend his Complaint to state the correct name of each Defendant once they have been identified.

IV.    FACTUAL ALLEGATIONS

23. The Multnomah County Sherriff's Office is a department of Multnomah County in Oregon.

24. Multnomah County Sherriff's Office (MCSO) operates several jails in Multnomah County, including the Inverness Jail near the Portland Airport and the Multnomah County Detention Center (MCDC), which is located within Multnomah County Justice Center in Portland, Oregon.

25. Defendant Multnomah County has custody and control of all persons confined in the Inverness Jail and MCDC and is responsible for the day-to-day operations of both facilities.

26. In October of 2019, the U.S. Marshals Service (USMS) and MCSO entered into an Intergovernmental Agreement for Detention Services (IGA), under which MCSO agreed to incarcerate Federal detainees at MCDC in exchange for a per diem payment.

27. Per the IGA, MCSO agrees to incarcerate individuals in the custody of the USMS and the federal Bureau of Prisons, including "individuals who are awaiting a hearing on their immigration status or deportation."

28. MCSO also agrees to provide "medical" guard/transportation services to individuals in

COMPLAINT - 5

the custody of the USMS and the federal Bureau of Prisons as provided in the IGA.

29.  Per the IGA, "those federal detainees who are remanded to custody by a [Deputy U.S. Marshal] may only be released to a [Deputy U.S. Marshal] or an agent specified by the [Deputy U.S. Marshal] of the judicial district."

30. At all relevant times, Multnomah County established the policies, practices, and customs used by Multnomah County Sherrif's Office (MCSO), including at the Inverness Jail and Multnomah County Justice Center.

31. In April of 2025, Mr. Molina Orantes was incarcerated in Multnomah County Jail Inverness for an alleged violation of 8 U.S.C. § 1326, an immigration related offense.

32. On April 16, 2025, the US Department of Homeland Security issued an administrative warrant directing "any immigration officer authorized...to serve warrants for arrest for immigration violations" to "arrest and take into custody for removal proceedings" Mr. Molina Orantes.

33. On April 23, 2025, Magistrate Judge Beckerman granted, after oral argument, Mr. Molina Orantes' Motion for Release from Custody. Magistrate Judge Beckerman stayed the order for release until the end of the following day, April 24, 2025, to allow the federal Government an opportunity to appeal the decision.

34. On April 24, 2025, employees of the MCSO transported Mr. Molina Orantes to the U.S. District Court in Portland, Oregon, for a 10:00 am hearing on the federal Government's appeal of Magistrate Judge Beckerman's release order.

35. After oral argument, Judge Baggio ordered Mr. Molina Orantes's release pursuant to Magistrate Judge Beckerman's order from the previous day. The docket minutes from the hearing state that "Judge Beckerman's stay to allow for district judge review is

COMPLAINT - 6

LIFTED and Judge Beckerman's Order Setting Conditions of Release [12] is in effect. Mr. Molina-Orantes to be released pending trial." The minutes of these proceedings were entered into the court's Case Management/Electronic Filing System at 1:05 pm on April 24, 2025.

36. Mr. Molina Orantes was present in the courtroom and heard the order for release.

37. At the time Mr. Molina Orantes was ordered released by a federal judge on April 24, 2025, there were no other pending charges, warrants, wants or holds to justify the continued incarceration of Mr. Molina Orantes by Defendants.

38. Despite the order for his release, Mr. Molina Orantes remained confined at the U.S. District Courthouse for approximately another hour.

39. Mr. Molina Orantes was transferred from the U.S. District Courthouse to the MCDC at approximately 1:00 pm.

40. John Does 1 and 2 took custody of Mr. Molina Orantes and placed him in a holding cell at the MCDC. They removed his restraints.

41. Mr. Molina Orantes asked John Does 1 and 2 what they were going to do with him but John Does 1 and 2 ignored Mr. Molina Orantes's question and provided no response.

42. At approximately 5:00 pm, John Doe 3 again placed Mr. Molina Orantes in handcuffs, a waist chain, and ankle cuffs and brought Mr. Molina Orantes to a MCSO vehicle.

43. John Does 4 and 5 transported Mr. Molina Orantes to the Inverness Jail in a MCSO vehicle on April 24, 2025.

44. At Inverness Jail, John Doe 6 placed Mr. Molina Orantes in a cell and removed his restraints.

COMPLAINT - 7

45. Mr. Molina Orantes remained incarcerated at Multnomah County Jail Inverness until the early morning of April 25, 2025.

46. At 5:00 am on April 25, 2025, Mr. Molina Orantes was instructed by John Doe 7 that he was going to move locations. Mr. Molina Orantes asked where he was being taken but John Doe 7 did not respond. Mr. Molina Orantes was taken to a waiting room where he was held with several other people.

47. John Doe 7 shackled Mr. Molina Orantes with handcuffs, a waist chain, and ankle cuffs before loading him into a MCSO vehicle.

48. John Does 8 and 9 transported Mr. Molina Orantes to the Multnomah County Justice Center where he was placed in a cell by John Doe 10.

49. John Doe 11 called Mr. Molina Orantes by name, removed him from the cell at the Multnomah County Justice Center, and placed him in handcuffs, a waist chain, and ankle cuffs and brought him to a MCSO vehicle.

50. Mr. Molina Orantes was placed in a MCSO vehicle by John Does 12 and 13 and transported to the U.S. District Courthouse at approximately 9:00 am. Mr. Molina Orantes was placed in a holding cell in the U.S. District Courthouse. Mr. Molina Orantes's handcuffs and waist chain were removed but he remained in the same ankle restraints during this time.

51. After approximately two hours, Mr. Molina Orantes was again placed in handcuffs and moved out of the cell and into a parking garage. Mr. Molina Orantes remained in shackles during this time.

52. Mr. Molina Orantes was handed to two U.S. Marshals where he remained in the same constraints.

53. The U.S. Marshals proceeded to immediately transport Mr. Molina Orantes to the U.S.

COMPLAINT - 8

Immigration and Customs Enforcement office in Portland, Oregon. Mr. Molina Orantes was subsequently transported to the Northwest Detention Center in Tacoma, Washington.

54. Mr. Molina Orantes reasonably believed that he was not free to leave from the time he was ordered released by a federal judge to when he was transferred into the custody of the U.S. Marshals on April 25, 2025.

55. Defendants' continued incarceration of Mr. Molina Orantes for an additional 22 hours after a federal judge had ordered his release exceeded the scope of their lawful authority and constituted a new, separate, and/or distinct seizure without a legal basis and violated the Fourth Amendment to U.S. Constitution.

56. Defendants' continued incarceration of Mr. Molina Orantes for an additional 22 hours after a federal judge had ordered his release was not based on a judicial warrant for his arrest or probable cause to believe that he had committed a crime.

57. Upon information and belief, Defendant's continued incarceration of Mr. Molina Orantes after a federal judge had ordered his release was for civil immigration enforcement purposes.

58. Defendants intended to detain and incarcerate Mr. Molina Orantes from the time he was ordered released by a federal judge on April 24, 2025 to the time when he was transferred into the custody of the U.S. Marshals on April 25, 2025.

59. Mr. Molina Orantes was aware of his confinement by Defendants from the time he was ordered released by a federal judge to when he was transferred into the custody of the U.S. Marshals on April 25, 2025.

60. Defendants' confinement of Mr. Molina Orantes from the time he was ordered released

COMPLAINT - 9

by a federal judge to when he was transferred into the custody of the U.S. Marshals on April 25, 2025, was unlawful.

61. On information and belief, Defendant Multnomah County Jail has a policy, practice, or custom of continuing the incarceration of an individual under the IGA regardless of whether a federal judge has ordered the individual's release.

62. On information and belief, Defendant Multnomah County Jail has a policy, practice, or custom of continuing the incarceration of an individual under the IGA when a federal judge has ordered the individual's release regardless of whether it has a judicial warrant for the individual's arrest or probable cause to believe that the individual has committed a crime.

63. On information and belief, Defendant Multnomah County has a policy, practice, or custom of detaining individuals solely due to the existence of the IGA, notwithstanding that a federal judge had ordered the individual's release and the individual is otherwise entitled to release.

64. Multnomah County subjected Mr. Molina Orantes to its policy, practice, or custom when it incarcerated him without a judicial warrant or probable cause after a federal judge had ordered his release and he was otherwise entitled to release.

65. Multnomah Country subjected Mr. Molina Orantes to its policy, practice, or custom when it unreasonably delayed his release after a federal judge had ordered his release.

66. Defendants John Does 1-13 were acting within the scope of their official duties when they unlawfully incarcerated Mr. Molina Orantes after a federal judge had ordered his release.

COMPLAINT - 10

67. As a result of Defendants' unlawful actions, Mr. Molina Orantes suffered both economic and noneconomic damages, including loss of liberty, loss of enjoyment of life, physical pain.

68. On July 3, 2025, within 180 days of April 25, 2025, Mr. Molina Orantes gave written notice to Multnomah County of his claims pursuant to ORS 30.275.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment (Unlawful Seizure): 42 U.S.C. §1983

69. Paragraphs 1 through 68 above are re-pleaded and incorporated herein.

70. Defendants detained Mr. Molina Orantes without a judicial warrant or probable cause after a judge had ordered his release, thus depriving him of his liberty.

71. Defendants' detention of Mr. Molina Orantes after a federal judge had ordered his release constituted a new, separate, and/or distinct seizure without a legal basis.

72. As a result of Defendants' unlawful actions, Mr. Molina Orantes suffered both economic and noneconomic damages, including loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, anxiety, and physical pain.

73. Mr. Molina-Orantes is entitled to his economic and non-economic damages.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment (Due Process Violations): 42 U.S.C. §1983

74. Paragraphs 1 through 68 above are re-pleaded and incorporated herein.

75. Defendants unreasonably delayed the release of Mr. Molina Orantes, thus depriving him of his liberty without due process of law.

76. As a result of Defendants' unlawful actions, Mr. Molina Orantes suffered both economic and noneconomic damages, including loss of liberty, loss of enjoyment of

COMPLAINT - 11

life, humiliation, mental suffering, emotional distress, stress, anxiety, and physical pain.

77. Mr. Molina Orantes is entitled to his economic and non-economic damages.

## THIRD CLAIM FOR RELIEF

### False Arrest/Imprisonment: Oregon Common Law

78. Paragraphs 1 through 68 above are re-pleaded and incorporated herein.

79. Defendants arrested and incarcerated Mr. Molina Orantes without legal authority and in violation of Oregon law.

80. Defendants acted unlawfully when they arrested and incarcerated Mr. Molina Orantes without probable cause.

81. Mr. Molina Orantes was injured by Defendants' actions.

82. Defendants' actions proximately caused Mr. Molina Orantes's injuries and damages described herein.

83. Mr. Molina Orantes is entitled to his economic and non-economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

84. On his first, second, and third claims, his economic and non-economic losses in an amount to bedetermined at the time of trial;

85. On first, second, and third claims, his compensatory and punitive damages in an amount to be determined at the time of trial;

86. His costs and attorney fees pursuant to 42 U.S.C. § 1988; and such other and further relief as the Court deems just and proper.

COMPLAINT - 12

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial against the county and individual defendants.


DATED this 28th day of August 2025.                    OREGON LAW CENTER

s/MariRuth Petzing
MariRuth Petzing, OSB 135412
mpetzing@oregonlawcenter.org
Mara Bauermeister, OSB 223520
mbauermeister@oregonlawcenter.org
Stephen S. Walters, OSB 801200
swalters@oregonlawcenter.org
David Henretty, OSB 031870
dhenretty@oregonlawcenter.org
OREGON LAW CENTER
621 SW Morrison, Suite 1450
Portland, Oregon 97205
Tel: (503) 473-8680

Attorneys for Plaintiff

COMPLAINT - 13